```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                               )
UNITED STATES OF AMERICA,      )
                               )
     v.                        )   Criminal Action No. 13-65 (RWR)
                               )
WILLIAM HUBBARD,               )
                               )
     Defendant.                )
_____)
```

## MEMORANDUM OPINION

A magistrate judge ordered that defendant William Hubbard be detained pending trial. Hubbard moved for review of the magistrate judge's detention order. After a hearing, Hubbard's motion was denied. This Memorandum Opinion sets forth in further detail the basis for that ruling.

### BACKGROUND

A grand jury charged that in November 2010, Hubbard used a firearm to rob a Garda Cash Logistics armored truck in Washington, D.C. A grand jury returned a two-count indictment against Hubbard, which charges Hubbard with one count of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and one count of using, carrying, and possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).

In February 2013, Magistrate Judge Alan Kay arraigned Hubbard. At the arraignment, the government orally moved that Hubbard be temporarily detained

    pursuant to: 18 U.S.C. § 3142(f)(1)(A), as he [has] been charged with a crime of violence; 18 U.S.C. § 3142(f)(1)(D), as he has two prior convictions for crimes of violence; and 18 U.S.C. § 3142(d)(1)(A), as he is on supervised release in case 2008-CF1-198 (Attempted Second Degree Child Sex Abuse), and parole in case 1997-FEL-5744 (Armed Robbery, Possession of a Firearm During a Violent Offense, and Unlawful Use of an Automobile).

Govt.'s Opp'n to Def.'s Mot. to Modify Release Conditions & Mem. of P. & A. in Supp. Thereof ("Govt.'s Opp'n") at 1.  Magistrate Judge Kay granted the government's motion and set a detention hearing.  Magistrate Judge John Facciola presided over the detention hearing and granted the government's oral motion to detain Hubbard pending trial and denied Hubbard's oral motion to be released pending trial.  On March 12, 2013, Magistrate Judge Facciola issued a detention memorandum explaining that he detained Hubbard pending trial because he found that "there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate."  Detention Mem. entered Mar. 12, 2013 ("Detention Mem.") at 2.

    Hubbard moved for a district court judge to review Magistrate Judge Facciola's detention memorandum and "permit his release on high intensity supervision, [to a] halfway house, or [on his own] personal recognizance."  Mot. to Modify Release Conditions ("Def.'s Mot.") at 1.  The government opposed.  On

July 17, 2013, a hearing was held to consider Hubbard's motion. At the hearing, the findings of fact and conclusions of law in the magistrate judge's order were adopted and Hubbard's motion was denied because it was found that there is no condition or combination of conditions that could reasonably assure the safety of the community or Hubbard's presence at trial.

## DISCUSSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). "The Bail Reform Act of 1984 sets forth the limited circumstances in which a defendant may be detained before trial despite the presumption in favor of liberty." United States v. Hanson, 613 F. Supp. 2d 85, 87-88 (D.D.C. 2009). Under the Act, a judicial officer "'shall order'" the detention of a defendant before trial if, after a hearing, the judicial officer "finds by clear and convincing evidence that 'no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community.'"[1] Hanson, 613 F. Supp. 2d at 88 (alteration in original) (quoting 18 U.S.C. § 3142(e)); see also United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987). A

---

[1] Clear and convincing evidence "requires the trier of fact, in viewing each party's pile of evidence, to reach a firm conviction of the truth on the evidence about which he or she is certain." United States v. Montague, 40 F.3d 1251, 1255 (D.C. Cir. 1994).

judicial officer must also order pretrial detention if he finds by a "preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant in court as required."[2]  Hanson, 613 F. Supp. 2d at 88; see also 18 U.S.C. § 3142(e)(1); Simpkins, 826 F.2d at 96.

In making these determinations, a judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence,[3] a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or

---

[2] Preponderance of the evidence is "evidence which as a whole shows that the fact sought to be proved is more probable than not."  Montague, 40 F.3d 1251 at 1255 (internal quotation marks omitted).

[3] A crime of violence means:
(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; [or]
(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense[.]
18 U.S.C. § 3156(a)(4).

>completion of sentence for an offense under Federal, State, or local law; and
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).

"Ordinarily, the government bears the burden of demonstrating the appropriateness of pretrial detention[.]" United States v. Jones, Criminal Action No. 05-386 (ESH), 2013 WL 1611473, at *2 (D.D.C. Apr. 16, 2013) (citing 18 U.S.C. § 3142(f)(2)). However, where "the judicial officer finds that there is probable cause to believe that the person committed . . . an offense under section 924(c)," it is presumed that no condition or combination of conditions would be sufficient to reasonably assure the defendant's appearance and the community's safety. 18 U.S.C. § 3142(e)(3)(B). "An indictment returned by a duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumptions set forth in § 3142(e)." United States v. English, 629 F.3d 311, 319 (2d Cir. 2011) (internal quotation marks omitted); see also United States v. Parker, 517 F. Supp. 2d 375, 376 (D.D.C. 2007); United States v. Diaz, Criminal Action No. 10-323-11 (ESH), 2011 WL 31131, at *1 (D.D.C. Jan. 4, 2011). The defendant may rebut this presumption by offering "credible evidence" to the contrary. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

Under 18 U.S.C. § 3145(b), "a person [who] is ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b).

> A motion under 18 U.S.C. § 3145(b) for review of a magistrate judge's detention order requires the Court promptly to examine *de novo* whether there are conditions of release that will reasonably assure the safety of any other person and the community. "The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons."

United States v. Sheffield, 799 F. Supp. 2d 18, 19-20 (D.D.C. 2011) (quoting Hanson, 613 F. Supp. 2d at 88); accord United States v. Hitselberger, 909 F. Supp. 2d 4, 7 (D.D.C. 2012).

Here, a grand jury charged Hubbard with using, carrying, and possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). That established probable cause to believe that Hubbard violated § 924(c) and triggered a rebuttable presumption that no condition or combination of conditions would be sufficient to reasonably assure Hubbard's appearance at trial and the community's safety. See 18 U.S.C. § 3142(e).

Moreover, the government has provided clear and convincing evidence that Hubbard poses a danger to the community. First, a grand jury charged Hubbard with a crime of violence: interference with interstate commerce by robbery. See id. § 1951. Second, the government's evidence against Hubbard appears weighty,

including testimony from one of Hubbard's co-defendants that Hubbard was one of the men who robbed the armored truck, and cell site data placing Hubbard near the scene of the robbery around the time that the armored truck was robbed. Detention Mem. at 4. Third, Hubbard's history and characteristics weigh in favor of detaining Hubbard pretrial. Hubbard tested positive for drugs twice shortly before he was arrested. Id. Additionally, Hubbard has numerous previous convictions including for armed robbery, possession of a firearm during a violent or dangerous offense, and unauthorized use of an automobile in 1997 and attempted second degree child sex abuse in 2008. At the time Hubbard allegedly robbed the armored truck, he was on supervised release for the 2008 conviction. Id.

Hubbard cites several factors that he argues favor his release pending trial. He has substantial local family ties including sick family members for whom he provides care and three children, two of whom live with him. Detention Mem. at 3; see also Def.'s Mot. ¶¶ 3-4. Hubbard also was employed before he was arrested. Detention Mem. at 3; Def.'s Mot. ¶ 2. With the exception of the two recent positive drug tests, he has been compliant with the terms of his supervised release that he is serving for his 2008 conviction. Def.'s Mot. ¶ 5. Hubbard argues that he is presumed innocent and the charged events occurred in November 2010 "long before Mr. Hubbard had

established himself with employment and [as] a model citizen under the law." Id. ¶ 6.

Although Hubbard's ties to the Washington, D.C. area may weigh against his being a flight risk, Hubbard has failed to provide persuasive evidence that, if released, he would not pose a danger to the community. Accordingly, Hubbard has not rebutted the statutory presumption that there is no condition or set of conditions that will reasonably assure the safety of the community.

## CONCLUSION

Because there is probable cause to believe that Hubbard violated 18 U.S.C. § 924(c), there is a presumption that Hubbard should be detained pending trial. Hubbard failed to rebut that presumption. Accordingly, his motion [17] to modify his release conditions was denied.

SIGNED this 26th day of August, 2013.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge